**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-60130

(Summary Calendar)
_____

LEWIS RANSBURGH,

Plaintiff-Appellant,

versus

EDWARD HARGETT, ET AL.,

Defendants,

TOMMY LANE, BENNY DAVIS, CEDRIC McGEE,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Mississippi
(4:92-CV-217-B-D)
_____

(October 19, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Lewis Ransburgh appeals from the district court's judgment in favor of defendants Tommy Lane, Benny Davis, and Cedric McGee. We vacate and remand.

I

_____

Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Ransburgh, an inmate of the Mississippi Department of Corrections, brought this pro se action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by defendants' use of excessive force. In his complaint, Ransburgh requested monetary damages, a declaratory judgment, and a jury trial. The district court judge referred the case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate ordered and held a nonjury trial of the case, and then filed a report recommending that the district court enter judgment for defendants.

Ransburgh did not object at the time of the magistrate's order or at the commencement of the nonjury trial. After the trial, he filed objections to the magistrate's report, complaining that he did not receive a jury trial. The district court overruled Ransburgh's objection, adopted the magistrate's report, and rendered judgment for defendants. Ransburgh appeals, arguing that the district court erred in finding that (1) he waived his right to a jury trial, and (2) defendants did not use excessive force.

## II

In a civil case, a party is entitled to a jury trial if he properly demands one and does not thereafter waive the request. FED. R. CIV. P. 38. Ransburgh properly demanded a jury trial in his original complaint. Therefore, the dispositive issue is whether Ransburgh waived his right to a jury trial by failing to object either to the magistrate's notice of the nonjury trial or to the actual trial.

Because the right to a jury trial is fundamental, we indulge

every reasonable presumption against waiver in order to ensure fairness. *Wauhop v. Allied Humble Bank, N.A.,* 926 F.2d 454, 455 (5th Cir. 1991). A party can waive his right to a jury trial if both parties consent to the withdrawal of the demand for a jury. FED. R. CIV. P. 38(d). Normally, the failure to object to a nonjury trial also constitutes a waiver of the right to a jury trial. *Southland Reship, Inc. v. Flegel,* 534 F.2d 639, 644-45 (5th Cir. 1976). However, in a pro se case, a pro se litigant who makes a proper demand for a jury trial does not waive that right through mere failure to object to nonjury proceedings. *See id.* at 645 (citing with approval *Chapman v. Kleindienst,* 507 F.2d 1246 (7th Cir. 1974) (stating that failure to object to a court proceeding without a jury usually constitutes waiver, but not in a pro se case)).

Other than his failure to object to the notice and commencement of the nonjury trial, the record contains no evidence that Ransburgh waived his right to a jury trial. To the contrary, Ransburgh filed objections to the magistrate's report after the nonjury trial arguing that he had not received a jury trial as he had requested. Like the pro se litigant in *Chapman*, Ransburgh may not have known that he was entitled to object to the magistrate's nonjury trial. Because there is no additional evidence that Ransburgh intended to withdraw his demand, we hold that Ransburgh did not waive his right to a jury trial.[1]

---

Because we decide that Ransburgh is entitled to a new trial, we need not reach Ransburgh's contention that the district court erred in finding that the defendants did not use excessive force.

III

For the foregoing reasons, we VACATE the district court's decision and REMAND the case for further proceedings.